UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 23-6218 |
|---|---|
| Case Name | Susan Parisi v. GreenSky, LLC, et al |
| Party or Parties Filing Notice of Appeal Or Petition | GreenSky, LLC (Defendant below) |
| Appellee(s) or Respondent(s) | Susan Parisi (Plaintiff below) |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.** Date final judgment or order to be reviewed was **entered** on the district court docket: 12/01/2023

        **2.** Date notice of appeal was **filed**: 12/29/2023

        **3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days under Fed. R. App. P. 4(a)

            **a.** Was the United States or an officer or an agency of the United States a party below? No

            **b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

**4.**   Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   **a.**   Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   12/28/2023

   **b.**   Has an order been entered by the district court disposing of any such motion, and, if so, when?

   Not as of the date of this document

**5.**   Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

   **a.**   If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   No

   **b.**   If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? No

   **c.**   If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?  9 USC § 16; *Ansari v. Qwest Communications Corp.*, 414 F.3d 1214 (10th Cir. 2005)

**6.**   Cross Appeals.

   **a.**   If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   **b.**   If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).

**REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**B.**    **APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A. Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C. Describe the sentence imposed. _____
_____

    D. Was the sentence imposed after a plea of guilty? _____

    E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F. Is the defendant on probation or at liberty pending appeal? _____

    G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

Appellee/Plaintiff Susan Parisi filed a putative class action against Appellant/Defendant GreenSky, LLC and purports to assert claims against GreenSky under the Oklahoma Consumer Credit Code, with respect to Parisi's GreenSky application for a loan from third parties to purchase windows for her residence. GreenSky moved to compel arbitration and moved for under Rule 12 to dismiss or to stay Parisi's claims pending contractual arbitration. The trial court later denied GreenSky's motions; such ruling is the basis of this appeal.

After GreenSky moved to compel arbitration, Parisi added as a Defendant Oklahoma Windows and Doors, LLC, the merchant with whom she contracted to purchase windows. Oklahoma Windows has also moved to dismiss or to stay Parisi's claims pending contractual arbitration, based on its own contract with Parisi, which was not before the trial court at the time GreenSky filed its motions. That motion is pending.

GreenSky has joined Oklahoma Windows's motion, and adopted the arguments and evidence provided. GreenSky has also moved the trial court to reconsider; such motion is pending as well.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Anticipated appellate issues: (1) the trial court erred when it denied Appellant's motion to compel arbitration; (2) the trial court erred when it held there was no enforceable contract between Appellant and Appellee which contained an arbitration provision; (3) the trial court erred when it denied Appellant's Rule 12 to dismiss or to stay Parisi's claims pending contractual arbitration.

Appellant may raise additional issues after the trial court rules on Appellant's pending motion for reconsideration and co-defendant Oklahoma Windows and Doors, LLC's pending motion to compel arbitration, which Appellant ahs joined.

**V.　ATTORNEY FILING DOCKETING STATEMENT:**

Dated: January 12, 2024

Respectfully submitted,

*s/ Kyle R. Prince*
**Derrick T. DeWitt**
OBA #18044
DDeWitt@46legal.com
**Kyle R. Prince**
OBA #33040
KPrince@46legal.com
**DEWITT PARUOLO MEEK**
P.O. Box 138800
Oklahoma City, Oklahoma 73113
405-705-3600 Telephone
405-705-2573 Facsimile

**NOTE:**　The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

　The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

# CERTIFICATE OF SERVICE

      I, Kyle R. Prince, attorney for Appellant GreenSky, LLC, hereby certify that on January 12, 2024, I served a copy of the foregoing **Docketing Statement**, using the court's CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| M. Kathi Rawls<br>Minal Gahlot<br>Rawls Gahlot PLLC<br>2404 S. Broadway St.<br>Moore, OK 73160<br>  -and-<br>Janet R. Varnell<br>Varnell & Warwick PA<br>400 N Ashley Drive, Suite 1900<br>Tampa, FL 33602<br><br>***Attorneys for Appellee/Plaintiff*** | Sheila D. Sayne<br>Sayne Law PLLC<br>P.O. Box 33309<br>Tulsa, Oklahoma 74153<br>  -and-<br>Diane J. Zelmer<br>Berenson LLP<br>4495 Military Trail, Suite 203<br>Jupiter, Florida 33458<br><br>***Attorneys for Defendant Oklahoma Windows and Doors, LLC d/b/a Renewal by Andersen of Oklahoma*** |

Dated: January 12, 2024

                                       Respectfully submitted,

                                       *s/ Kyle R. Prince*
                                       **Derrick T. DeWitt**
                                       OBA #18044
                                       DDeWitt@46legal.com
                                       **Kyle R. Prince**
                                       OBA #33040
                                       KPrince@46legal.com
                                       **DEWITT PARUOLO MEEK**
                                       P.O. Box 138800
                                       Oklahoma City, Oklahoma 73113
                                       405-705-3600 Telephone
                                       405-705-2573 Facsimile
                                       *Attorney for Appellant*
                                       *GreenSky LLC*